## Johnston *v.* Shepard, Appellant.

*Landlord and tenant—Principal and surety—Bond—Bailment—Distress.*

A landlord levied for rent in arrear upon the household goods of his tenant, and also upon two hearses and a casket wagon which the tenant held as bailee.  Subsequently the tenant became bankrupt and claimed as his exemption the household goods which had been levied upon. Subsequently the tenant's father, in order to release the household goods, gave a bond to the landlord, the condition of which was that the obligor

should pay any difference between the amount the landlord should re-
ceive from the trustee in bankruptcy and the amount of rent due.   The
bond further stated that it was the purpose and intent of the parties
that unless the landlord should receive from the trustee his entire rent
claim, the obligor should pay the same, or any portion thereof not paid
to the landlord from the bankrupt's estate.   The trustee in bankruptcy
disclaimed the hearses and casket wagon and thereafter the landlord
assigned the bond to the bailors of the hearses and casket wagon, who
paid him the full amount of his rent.   Prior to this assignment the
obligor notified the landlord that he would insist upon the latter ex-
hausting the remedy he had, by a lien upon the property on the prem-
ises, including the hearses and wagon.   *Held,* (1) that the fact that the
trustee disclaimed the hearses and wagon did not affect the surety's
obligation to pay according to the plain and unmistakable terms of the
bond; (2) that the bailors of the hearses and casket wagon had an equity
to have the tenant's own property first applied to payment of the rent;
and (3) that as between the equity of the surety and the equity of the
bailors of the hearses and casket wagon, the latter equity was superior.

Argued April 22, 1909.   Appeal, No. 131, April T., 1909, by
defendant, from judgment of C. P. No. 2, Allegheny Co., Oct. T.,
1907, No. 441, for plaintiffs on case stated in suit of William
McC. Johnston for use of Joseph G. Cunningham et al., trading
as James Cunningham Son & Company, v. Stephen A. Shepard.
Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY
and HEAD, JJ.   Affirmed.

Case stated to determine liability on a bond.

SHAFER, J., filed the following opinion:
From the case stated it appears that the plaintiff, Johnston,
was the owner of lands which he leased to one William H.
Shepard, by a written lease containing a waiver of exemption,
that Shepard's rent was in arrears $431 and Johnston levied
upon the personal property in Shepard's possession on the prem-
ises upon a distress for rent.   It further appears that the prop-
erty so levied upon consisted of household furniture valued at
$254 and other property of Shepard's valued at $658.52, and
two hearses and a casket wagon of which Shepard was bailee
under a written contract with James Cunningham Son & Com-
pany, the use plaintiff herein, under the terms of which after

the payment of a certain amount of rent it was agreed that Shepard should become the owner of the property. Something over one-half of the rental was paid, the other half remaining unpaid, the value of the hearses and wagon being $2,000.

Some time after the levy, how soon does not appear from the case stated, William H. Shepard became bankrupt, and claimed as exempt under the bankruptcy law, the household goods above mentioned.

Desiring to obtain possession of these household goods William H. Shepard procured his father, Stephen A. Shepard, the defendant herein, to execute and deliver his bond to the plaintiff in the sum of $431, conditioned by the payment to Johnston of the sum of $431, less any amount which Johnston should receive on account of his rent claim from the trustee in bankruptcy. This bond was given, as set out in the case stated, on consideration of the release of the household goods above mentioned, and upon its execution Johnston released from his levy these household goods, and they were taken into the possession of William H. Shepard, Johnston in the meantime retaining his levy upon the other property. About three months after the bankruptcy the defendant notified the counsel of plaintiff that he would insist upon the landlord exhausting the remedy he had by a lien upon the property on the premises, including the hearses and wagon, and that he would claim not to be bound by the bond in suit unless that were done. About the same time the trustee in bankruptcy disclaimed the hearses and casket wagon, declining to pay the balance of the rental which would enable him to take possession of them as the property of the bankrupt, and shortly thereafter James Cunningham Son & Company agreed with Johnston to purchase his bond from him, and paid him the sum of $431, whereupon Johnston released the hearses and wagon from his claim for rent, and the bond was thereafter assigned in writing to the Cunningham company. It is agreed in the case stated that certain definite judgments therein set out may be entered by the court, or that the court may render such other judgment as in its opinion may be warranted by the facts.

Cunningham & Son, the use plaintiffs, having purchased the

bond, are entitled to use it precisely as Johnston might have done, and in his name. The sole question, therefore, is whether Johnston was bound in relief of the defendant to proceed with his distress. If all the goods had been the property of the tenant there might be some force in the contention of defendants, that the plaintiff having received the bond in consideration of the release of the household goods, ought to have understood that the other goods were to be pursued by him, although this is at least doubtful. There can be no question that one who is surety of the payment of rent cannot ordinarily require the landlord to distrain for the rent in his relief, Ruggles v. Holden, 3 Wendell, 216, and one who, after distress and levy, gives a bond conditioned for the payment of all the rent which the landlord shall not receive from the trustee in bankruptcy ought scarcely to be heard to say that such a condition meant that he was to pay only what the landlord did not receive from the trustee in bankruptcy or from the proceeds of his levy.

But, however this may be, in the present case the hearses and wagon, the release of which is complained of, did not belong to the tenant, but were levied upon because they were found upon the premises. If they had been sold for the rent, the owners would have had an action against the tenant for their value, and these owners had an equity to have the property of the tenant first applied to the payment of the debt. The defendant then comes into the case and by a bond given for the very purpose, takes away from the property subject to the levy $254 worth of goods which belong to the tenant, his principal and the owners of the hearses, and which ought to have been sold first to pay the rent. As between any equity he may have had to require the landlord to sell the goods he distrained upon, and the equity of the owners of the hearses to be relieved by the goods of the tenant himself, we are of opinion that the latter equity is superior, and that, therefore, the release of the hearses by the plaintiff does not relieve the defendant from the duty of keeping the condition of his bond, which is to pay all the rent not received by the plaintiff from the trustee in bankruptcy.

It is shown in the case stated, that this amount is $420.65. We are of opinion, therefore, that the plaintiff is entitled to

judgment for the penalty of the bond, to be released upon the payment of $420.65, with interest from June 13, 1906, and judgment is entered accordingly.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Elmer L. Kidney*, for appellant.—The hearses and casket wagon were liable to distress for the rent: Myers v. Esery, 134 Pa. 177; Price v. McCallister, 3 Grant, 248; Bevan v. Crooks, 7 W. & S. 452.

The equitable plaintiffs could not have required Johnston, the landlord, to insist upon his waiver of exemption and to exhaust the tenant's household goods before having recourse to the hearses and casket wagon: Feak's App., 81* Pa. 76; McCowen v. Eisenbuth, 2 Pearson, 262; Kehler v. Dunkleberger, 2 Leg. Rec. R. 271; Temple v. Gough, 9 Pa. C. C. Rep. 85.

Courts favor the right to the benefit of the exemption laws: Fitler's Est. 14 W. N. C. 62.

*C. C. Dickey*, of *Shiras & Dickey*, for appellees.—A surety has no right to call upon the landlord to distrain the tenant's goods for rent in arrear: Ruggles v. Holden, 3 Wend. 216.

That the defendant had no equity against the plaintiffs we think is settled by the opinion of the Supreme Court in Brown v. Sims, 17 S. & R. 138, holding that goods placed in the way of trade on storage are not liable to distress for rent: Riddle v. Welden, 5 Wharton, 9.

A tenant on whose premises the property of a stranger is seized for rent is liable over to the stranger: O'Donnel v. Seybert, 13 S. & R. 54.

OPINION BY RICE, P. J., October 11, 1909:

The majority of the judges of this court who heard the case are clearly of opinion that the judgment should be affirmed for the reasons given by the learned judge of the common pleas. In view, however, of one phase of the argument of the learned counsel for appellant it seems proper to emphasize by repetition

the proposition that lies at the foundation of the case, that the words of the condition of the bond were not "that the remainder of the property levied upon should be sufficient to pay the rent in arrear," which, perhaps, might have left room for argument that what was meant was that all the property levied upon should prove sufficient in value to satisfy the rent, but that the obligor should pay "any deficit or difference between the amount said Johnston shall receive from the trustees in bankruptcy of the estate of his son, William H. Shepard, . . . . upon the final distribution thereof, upon the said claim for rent to be properly filed and proved before the referee, and the said $431." Then to remove any possible doubt as to the meaning and purpose of the bond, the parties out of abundant caution added the words, "the purpose and intent of this bond being, that unless the said Johnston shall receive from the trustee in bankruptcy his entire rent claim of $431 that the said obligor shall pay the same, or any portion thereof not paid to said Johnston from said bankrupt estate." Whether or not the parties actually expected that the trustee in bankruptcy would disclaim, by leave of court, the hearses and casket wagon, and thus separate them from the bankrupt estate, we have no means of knowing; nor is that a material question. They must be deemed to have contracted with knowledge that such contingency might lawfully happen, hence the fact that it did happen cannot affect the defendant's obligation to pay according to the plain and unmistakable terms of his bond. The construction of the bond being free from doubt, the sole question is, as the learned judge says, whether Johnston was bound in relief of the defendant to proceed with his distress upon goods of a bailor of the tenant which were liable only because they were found on the premises. We can add nothing profitably to the opinion of the learned judge in support of the conclusion that he was not bound so to do.

Judgment affirmed.